**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES HODGKINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL NO. 06-668-JLF** |
| | ) |
| **MEARL J. JUSTUS,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 together with a civil action pursuant to 42 U.S.C. § 1983. However, Plaintiff has not submitted a proper certified copy of his jail trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by section 1915(a)(1). Plaintiff has included a jail statement that reflects only the deposits made into his account. The court cannot make the necessary calculations to assess an initial partial filing fee pursuant to 28 U.S.C. § 1915(b) without a statement showing the balances in Plaintiff's account for the last six months.

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint *that includes the running balance on the account*. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action

was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**
**DATED: September 12, 2006.**

                                              *s/ James L. Foreman*
                                              **DISTRICT JUDGE**